UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

IN RE:                                    CASE NO.: 13-10184-KKS
                                          CHAPTER 13
SHAUN GHASEMKHANY ABOLVERDI

_____Debtor_____/

CHAPTER 13 TRUSTEE'S
OBJECTION(S) TO CONFIRMATION

**COMES NOW**, LEIGH D. HART, Chapter 13 Trustee, by and through her undersigned attorneys, and hereby objects to confirmation of Debtor(s)' Chapter 13 Plan for the following reasons:

1. According to the Debtor(s)' Form B22C statement, the applicable commitment period is five (5) years, and the Debtor(s)' Plan term is sixty (60) months.

2. The Plan provides an approximate distribution of fifty-eight percent (58%).

3. There is a discrepancy between the amount to be paid through the Plan ($4,185.00) and the priority portion of the Proof of Claim filed by the Internal Revenue Service ($4,251.50).

4. The Trustee cannot accurately verify if the Debtor(s) meets the liquidation test without a copy of an

appraisal for the non-homestead property disclosed on Schedule A.

5. It appears the vehicles pay out early and the funds are not dedicated to the Chapter 13 Plan.

6. The Debtor(s) has failed to provide copies of monthly operating reports to the Chapter 13 Trustee.

7. Schedule I discloses rental income in the amount of $500.00 per month; however, Schedule J does not reflect any expenses for the rental property. Schedule J does include high expenses related to real property (electricity/heat $600.00/mo; homeowner's insurance $334.66/mo; real estate taxes $652.18/mo; home maintenance $150.00/mo); however, the Trustee is unable to determine if these expenses relate to the Debtor(s)' homestead or if they are part of the expenses for the rental property. Therefore, it is unclear if retaining the rental property is a benefit to the Estate.

8. The Debtor(s)' Schedules reflect a claim secured by a lien on the Debtor(s)' residence which it appears may be paid by the Trustee. The Trustee has not been provided with copies of documents which support a perfected security interest to determine if the claimant has a perfected security interest. In addition, the Trustee has not been provided with a copy of the itemization of the pre-petition fees, costs and other charges, including any attorney's fees if applicable,

which apply to this claim. If the documents, through a Proof of Claim, or in another manner are provided to the Trustee, this objection to confirmation may be resolved or rendered moot.

9. The Trustee objects to the following expense categories and accompanying excess expense amounts as exceeding the amount allowable on Form B22C for either an above-median debtor, or as being reasonable and/or necessary for a Schedule "I" and Schedule "J" debtor. The Trustee's objections may be rendered moot if the Debtor(s)' Plan is amended to pay all allowable unsecured claims in full: Campus USA Credit Union - $1,878.92 on line 47c - Deductions for Debt Payment: Future Payments on Secured Claims, as this appears to be the mortgage on the rental property; however, Form B22C only reflects income in the amount of $500.00 per month.

**RESPECTFULLY SUBMITTED.**

/s/Leigh D. Hart or
/s/William J. Miller, Jr.
   OFFICE OF CHAPTER 13 TRUSTEE
   POST OFFICE BOX 646
   TALLAHASSEE, FL 32302
   ldhecf@earthlink.net
   (850) 681-2734 "Telephone"
   (850) 681-3920 "Facsimile"

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and accurate copy of the foregoing has been furnished by electronic filing or first class mail to:

SHAUN GHASEMKHANY ABOLVERDI
2525 NW 16TH AVE.
GAINESVILLE, FL 32605

AND

SHARON T. SPERLING, ESQUIRE
P.O. BOX 358000
GAINESVILLE, FL 32635-8000

on the same date as reflected on the Court's docket as the electronic filing date for this document.

/s/Leigh D. Hart or
/s/William J. Miller, Jr.
OFFICE OF CHAPTER 13 TRUSTEE

June 26, 2013